JOHN NEIL McNICHOLAS, ESQ.
STATE BAR #138304
McNicholas Law Office
464 Palos Verdes Blvd.
Redondo Beach, CA 90277
(310) 545-0780
(310) 546-6831- FAX
john@mcnicholaslawoffice.com

Attorney for Zachary Page (2)

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    vs.<br><br>CARROLL, et al.,<br>ZACHARY PAGE (#2),<br><br>            Defendant. | Case No. 2:25-cr-1022-MWF-2<br><br>**OBJECTION TO TRIAL CONTINUANCE** |

TO FIRST ASSISTANT UNITED STATES ATTORNEY BILAL ESSAYLI AND ASSISTANT UNITED STATES ATTORNEYS IAN V. YANIELLO, AMANDA B. ELBOGEN and DANIEL H. WEINER:

PLEASE TAKE NOTICE that Defendant Zachary Page (hereinafter also referred to as "Page"),[1] through counsel, hereby files this objection to the Government's stipulation to continue the trial to October 13, 2026, the proposed findings of excludable time periods pursuant to Speedy Trial Act, and setting of a pretrial litigation scheduled in conformance with that requested continuance, filed this date as Docket No. 64.

---

[1] Defendant is also known as "Fae Page" and pefers the pronouns "she/her/hers."

# **OBJECTION**

Zachary Page, who lacks any meaningful criminal history and is in custody facing the instant allegations, is invoking her speedy trial rights pursuant to the Sixth Amendment of the United States Constitution and 18 U.S.C. § 3161 (c)(1). The government's framing its filing as a "stipulation" is disingenuous. Of the four defendants in this case, only three have agreed to the government's proposal. The government's request should be brought by motion, and all the parties should have an opportunity to be heard on the issues related to speedy trial, discovery, and the setting of a meaningful litigation schedule.

By framing the document as a "stipulation," the government is trying to circumvent the requirements of a motion and prevent defense counsel from the opportunity to file a comprehensive legal argument in opposition to it according to the notice requirements of the Local Rules of this Court. Instead, the government frames its filing as a "stipulation" suggesting to the Court that there is, in fact, agreement among the parties, which there clearly is not. The Court should reject this stipulation. The government should be required to raise this request by duly noticed motion

Dated: February 6, 2026        By:    /s/
                                      John Neil McNicholas, Esq.
                                      Attorney for Zachary Page