UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

Case No.    **CR 25-01022-MWF**                                      Date: March 17, 2026

Present: The Honorable:    MICHAEL W. FITZGERALD, United States District Judge

Interpreter    Not Applicable

| Rita Sanchez | Not Reported | Ian Yanniello, Amanda B. Elbogen, Daniel H. Weiner |
|---|---|---|
| *Deputy Clerk* | *Court Reporter / Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s) | Present | Cust | Bond | Attorneys for Defendants: | Present | App | Ret |
|---|---|---|---|---|---|---|---|
| **4) Tina Lai** | Not | X | | 4) Humberto Diaz | Not | X | |

**Proceedings:    (IN CHAMBERS) ORDER DENYING DEFENDANT TINA LAI'S APPLICATION FOR REVIEW OF ORDER SETTING DETENTION [80]**

Before the Court is Defendant Tina Lai's Application for Review of Order of Detention (the "Application"), filed March 3, 2026.  (Docket No. 80).  The Government filed an Opposition on March 13, 2026.  (Docket No. 82).

The Court has also considered the following documents:

1. Defendant Lai's Memorandum in Support of Application for Review of Order of Detention, filed February 26, 2026.  (Docket No. 75).
2. Defendant Lai's Letters in Support of Pre-Trial Release, filed February 26, 2026. (Docket No. 76).
3. Pretrial Services Report, dated February 27, 2026.

The Court held a hearing on the Application on **March 16, 2026**.  Counsel for Defendant Lai and the Government presented arguments.  The Pretrial Services Officer stated the recommendation of that Office, namely that conditions did exist that would reasonably assure the presence of Defendant Lai as required, but that no conditions would reasonably assure the safety of the community.  At the conclusion of the hearing, the Court took the matter under submission.

The Application is **DENIED.**  The Court finds that the government has not proven by a preponderance of the evidence that no combination of conditions would reasonably assure the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

appearance of Defendant Lai as required.  However, the Court finds that the government has proven by clear and convincing evidence that no combination of conditions would reasonably assure the safety of any other person and the community.  18 U.S.C. § 3142(e)(1).

These findings reflect this Court's own de novo review of the entire record.  The Court's reasoning incorporates the reasoning of the Government's Opposition, as well as the Government's arguments at the hearing.

The Court first notes that this is a presumption case.  At the reconsideration hearing before the magistrate judge, the Government suggested no presumption applied.  (*See* Draft Transcript (Docket No. 82-2) at 8).  But 18 U.S.C. § 3142(e)(3) creates a rebuttable presumption where there is probable cause to believe that the defendant committed an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which the maximum term of imprisonment is 10 years or more.  Section 2332b(g)(5)(B), in turn, lists "federal crimes of terrorism" and includes crimes in violation of 18 U.S.C. § 2339A (relating to providing material support to terrorists).  Here, a grand jury indicted Defendant Lai for violating § 2339A, which exposes her to a maximum sentence of 15 years.  (*See* Indictment (Docket No. 48), Count Five); 18 U.S.C. § 2339A(a).  The Court therefore concludes that the presumption in § 3142(e)(3) applies — though the Court also notes that whether or not it applies would not change the outcome of Defendant's Application in this particular case.

The Court disagrees with the Government that it has shown by a preponderance that no combination of conditions could assure the appearance of Defendant Lai as required.  Defendant Lai faces a combined maximum sentence of 25 years which may create some motive for flight, but the financial conditions suggested by Defendant, namely the proffer of Defendant's family home with equity in excess of $1,000,000, seem to counterbalance that motive.  Specifically, Defendant's brother lives in the home and her father in Taiwan created the trust that is the legal owner.  In addition, Defendant has built a life in the Central District and, it appears, has a long-term romantic partner here, as well as significant support.

The Court acknowledges the Government's argument that Defendant has both an incentive to flee and a place to which to flee.  The Government has a decent case as to guilt, although counsel for Defendant did raise issues that might mitigate the length of the sentence.  Under these circumstances, even an innocent person might be tempted to flee.  Nonetheless, as

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES – GENERAL**

stated, the Court believes that the proposed conditions outweigh those factors — this is not a case of life in prison without parole — and the residual effect of the presumption.

*However*, the Court concludes de novo that clear and convincing evidence supports the finding that Defendant Lai is a danger to the community. In particular, the Court notes the nature and seriousness of the charges and that § 3142(g)(1) specifically instructs the Court to take into account "the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves . . . a controlled substance, firearm, *explosive, or destructive device*." *Id.* (emphasis added).

Here, Defendant Lai is charged with providing material support for terrorism as well as possession of an unregistered destructive device. (*See generally* Indictment). Specifically, Defendant is accused of assisting her codefendants in building improvised explosive devices ("IEDs") in a plot to use the devices to attack multiple businesses. The allegations specific to Defendant Lai make clear that she knew and understood the plot: Defendant Lai purchased and sawed off the PVC pipes needed to construct the IEDs, purchased potassium nitrate, and traveled to the Mojave desert with her codefendants to detonate test IEDs after discussing the plot. (*See id.*, Overt Act Nos. 32–33, 35, 41–45). Photographs depict Defendant handling the PVC pipes in the desert before being apprehended by authorities. (*See* Opp. at 7). And, transcending this particular IED plot, the FBI's examination of Defendant's phone revealed that Defendant was compiling a variety of bomb-making instructions and combat techniques. (*See* FBI Forensic Examination Report (Docket No. 82-1)).

The plot to detonate IEDs or otherwise engage in violence against ideological enemies plainly poses a danger to the community. Balancing the § 3142(g) factors, the Court does not believe it can fashion any condition or combination of conditions that would mitigate the continuing danger posed by Defendant should she be released.

To the extent a written order is required on review, this Order constitutes the written findings of fact and reasons for detention. 18 U.S.C. § 3142(i).

IT IS SO ORDERED.